UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. TANYA GRACE MCDANIEL, | No.  2:21-cv-1696 WBS DB PS |
| Plaintiff, | |
| v. | ORDER AND |
| UNITED STATES, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Tanya Grace McDaniel is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint, plaintiff's motion for leave to file an amended complaint, and defendants' motions for a definite statement and to dismiss.  (ECF Nos. 1, 19, 20, 42, 43, 64, 65, 70, 73, 74.)  Plaintiff's complaint concerns delusional allegations.  For the reasons explained below, the undersigned finds that plaintiff's complaint should be dismissed and recommends that plaintiff not be granted leave to amend.

**STANDARDS**

**I.      Legal Standards Applicable to 28 U.S.C. § 1915**

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See

1  28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

2  in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

3  1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous

4  where it is based on an indisputably meritless legal theory or where the factual contentions are

5  clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

6        To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

7  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

8  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

9  true the material allegations in the complaint and construes the allegations in the light most

10  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

11  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

12  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

13  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

14  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

15  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

16        The minimum requirements for a civil complaint in federal court are as follows:

17
18
19
> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

20  Fed. R. Civ. P. 8(a).

21  **II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

22        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

23  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

24  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

25  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

26  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

27  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

28  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

1   the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.
2   Iqbal, 556 U.S. 662, 678 (2009).

3         In determining whether a complaint states a claim on which relief may be granted, the
4   court accepts as true the allegations in the complaint and construes the allegations in the light
5   most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
6   United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less
7   stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,
8   520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the
9   form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
10  Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than
11  an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A
12  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
13  elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676
14  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
15  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove
16  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have
17  not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
18  459 U.S. 519, 526 (1983).

19        In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted
20  to consider material which is properly submitted as part of the complaint, documents that are not
21  physically attached to the complaint if their authenticity is not contested and the plaintiff's
22  complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles,
23  250 F.3d 668, 688-89 (9th Cir. 2001).

24        **ANALYSIS**

25        "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level
26  of the irrational or the wholly incredible, whether or not there are judicially noticeable facts
27  available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Therefore, the in
28  forma pauperis statute "accords judges . . . the unusual power to pierce the veil of the complaint's

1  factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.
2  Among those "are claims describing fantastic or delusional scenarios, claims with which federal
3  district judges are all too familiar." Id. at 328.  This portion of the statute "is designed largely to
4  discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that
5  paying litigants generally do not initiate because of the costs of bringing suit and because of the
6  threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Id. at
7  327.

The court should not exercise this "unusual power" lightly or often.  Indeed, the court takes very seriously the following admonition of the Supreme Court:

> An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

Denton, 504 U.S. at 33.  Nevertheless, when it is appropriate to do so—that is, when the allegations go well beyond "unlikely" or "improbable" and enter the realm of "irrational," "wholly incredible" or "delusional" —the court carries out the intent of the law, and dismisses claims meeting the Neitzke standard.  Denton, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Here, plaintiff's complaint asserts that plaintiff is attempting to oppose "the utilization of mkultra vudoo; e.l.f. mind control and radiation towers and frequency flyers, and fcc tv satellite spy breach and ucdavis satellites, and Direct TV . . . used from cops, media, celebs, fcc, nsa, nasa, college satellite campuses (ucdavis) to violate human rights, from an illegal experiment of violating the Plaintiff Rights[.]"  (Compl. (ECF No. 1) at 6[1].)  That plaintiff "has endured from

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

Case 2:21-cv-01696-WBS-DB   Document 91   Filed 05/18/22   Page 5 of 7

her community and society of witches that do mkultra vudoo and mind control and frequency flyers and have a 'medium' mind control reader in a caboose on F St of Davis, Ca[.]" (Id. at 11.)

According to the complaint's allegations plaintiff "is related to a myriad of celebs (13 bloodlines of the illuminati)," but "does not with to manipulate any of the courts 'masonary' senses of non-sensibility[.]" (Id. at 23.) That plaintiff has been mocked via the media, such as "on cbs," and "Dancing with the Stars," by Delores Huerta, Erin Andrews, Bruno Mars, and "Celine Dion." (Id. at 8, 12, 38.) Interspersed throughout the complaint are vague, conclusory, and conspiratorial allegations of misconduct by police and state officials, dating back to 2007.[2] (Id. at 46.)

Plaintiff has repeatedly filed versions of these same frivolous allegations in this court. See generally McDaniel v. United States, No. 2:18-cv-JAM DB PS, 2018 WL 5316161 (E.D. Cal. Oct. 25, 2018); McDaniel v. United States, No. 2:15-cv-2627 KJM EFB PS, 2017 WL 3725934, at *1 (E.D. Cal. Aug. 29, 2017) ("plaintiff has filed numerous cases that have been dismissed for failure to state a claim or as frivolous"); McDaniel v. City of Davis, No. 2:14-cv-2213 TLN DB PS, 2016 WL 6779255, at *2 (E.D. Cal. Nov. 16, 2016) ("It appears that this is not the first time plaintiff's allegations have been found to fail to state a claim, be frivolous or insubstantial.").

In this regard, the undersigned finds that the complaint's allegations are wholly incredible and delusional.

**II.     Leave to Amend**

For the reasons explained above, the undersigned finds that plaintiff's complaint should be dismissed.[3] The undersigned has carefully considered whether plaintiff could amend the

---

[2] 42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Effective January 1, 2003, in California that limitations period became two years. See Cal. Code Civ. P. § 335.1.

[3] In light of this finding, defendants' motions will be denied without prejudice to renewal as having been rendered moot.

5

1 complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the deficiencies noted above and plaintiff's history of frivolous filings the undersigned finds that it would be futile to grant plaintiff leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's June 30, 2021 motion for a definite statement (ECF No. 19) is denied without prejudice to renewal[4];

2. Defendant's July 2, 2021 motion to dismiss (ECF No. 20) is denied without prejudice to renewal;

3. Defendant's August 6, 2021 motion to dismiss (ECF No. 42) is denied without prejudice to renewal;

4. Defendant's August 6, 2021 motion to dismiss (ECF No. 43) is denied without prejudice to renewal;

5. Defendant's September 23, 2021 amended motion to dismiss (ECF No. 64) is denied without prejudice to renewal;

6. Defendant's October 1, 2021 motion to dismiss (ECF No. 65) is denied without prejudice to renewal;

7. Defendant's October 14, 2021 motion to dismiss (ECF No. 70) is denied without prejudice to renewal; and

8. Defendant's October 28, 2021 motion to dismiss (ECF No. 74) is denied without prejudice to renewal.

////

---

[4] In the event the assigned District Judge does not adopt these findings and recommendations defendants may re-notice their dispositive motions for hearing before the undersigned.

1  Also, IT IS HEREBY RECOMMENDED that:

2  1. The complaint filed February 2, 2021 (ECF No. 1) be dismissed without leave to
3  amend;

4  2. Plaintiff's October 22, 2021 motion for leave to file an amended complaint (ECF No.
5  73) be denied; and

6  3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 17, 2022              /s/ DEBORAH BARNES
                                 UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/mcdaniel1696.mtd.f&rs